IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **RICARDO JAMEL WARTHEN,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| v. | : | Civil Action |
| | : | No. 5:13-cv-175-MTT-CHW |
| **WARNER ROBINS GEORGIA** | : | |
| **POLICE DEPARTMENT,** | : | |
| | : | |
| **Defendant** | : | |

## ORDER & RECOMMENDATION

Plaintiff **RICARDO JAMEL WARTHEN**, a probationer at the Macon Transitional Center, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff pre-paid the entire $350.00 filing fee, and thus his Motion for Leave to Proceed *in forma pauperis* (Doc. 12) is deemed **MOOT**. Plaintiff is now **DIRECTED** to serve the individual defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure. It is **RECOMMENDED**, however, that Plaintiff's claim for injunctive relief and any claim against the City of Warner Robins Police Department be **DISMISSED**. See 28 U.S.C. § 1915A(b)(1).

## STANDARD FOR PRELIMINARY REVIEW

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his Complaint. See 28 U.S.C. § 1915A(a). When conducting preliminary screening, the district court must accept all factual allegations in the complaint as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys" and will be "liberally construed."

Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).  A *pro se* prisoner's pleading is, nonetheless, subject to dismissal prior to service if the court finds that the complaint, when viewed liberally and in the light most favorable to the plaintiff, is frivolous or malicious, seeks relief from an immune defendant, or otherwise fails to state a claim upon which relief may be granted.  See 28 U.S.C. §1915A(b).

## STATEMENT AND ANALYSIS OF CLAIMS

Plaintiff's Complaint (Doc. 1) and Supplement (Doc. 16) allege that multiple law enforcement officers, including Defendants Brad Mules, Marquel Williams, Mike Olsen, Jody Parham, Kent Young, and Jay Robinson, unlawfully entered and searched his home with a key provided by Defendant Mike Olson.  Plaintiff states that Defendants neither had a warrant nor his consent to enter the home.  The officers then allegedly proceeded to conduct a warrantless search of Plaintiff's separate storage unit without his consent.  Plaintiff alleges that he had already been arrested for possession of marijuana and was in custody at the time of this search.  The searches apparently led to the discovery of new evidence and additional charges against Plaintiff.  All but one of the charges against Plaintiff were dropped.  Plaintiff was sentenced to five years of probation on the single charge of possession of a firearm in the commission of a crime and is still serving that term.

Plaintiff now claims that Defendants violated his civil rights when conducting the warrantless searches.  He seeks to recover compensatory damages in the amount $250,000.00 and to have his "probation terminated."

In Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 2372 n. 7, 129 L.Ed.2d 383 (1994), the United States Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or *for other harm caused by actions whose unlawfulness would*

>    ***render a conviction or sentence invalid***, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

Id. at 486-87 (emphasis added).  Thus, under Heck, a prisoner cannot bring a § 1983 action that would invalidate a sentence or conviction unless the sentence or conviction in question has previously been invalidated.  Such an action, if brought prior to invalidation of the conviction or sentence challenged, must therefore be dismissed as premature.  Id.

Despite the undersigned's multiple attempts to have Plaintiff supplement his Complaint with additional allegations, it is still unclear whether a finding in favor of Plaintiff would necessarily invalidate his sentence or conviction.  Though it appears that it may, in light of Plaintiff's requested relief, it would nonetheless be premature to dismiss Plaintiff's claims at this stage of the proceedings.  See Hughes v. Lott, 350 F.3d 1157, 1161 (11th Cir. 2003).  "Because of doctrines like independent source and inevitable discovery, and especially harmless error, such a §1983 action, even if successful, [may] not necessarily imply that the plaintiff's conviction was unlawful."  Heck, 512 U.S. at 487 n. 7 ("a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction."); see also, Hughes, 350 F.3d at 1160 ("a successful § 1983 action for Fourth Amendment search and seizure violations does not necessarily imply the invalidity of a conviction").  For this reason, Plaintiff's claims against the individual defendants may go forward for further factual development.

Because Plaintiff pre-paid the full filing fee and is not proceeding *in forma pauperis*, it is Plaintiff's responsibility to serve Defendants.  The Clerk is thus **DIRECTED** to mail to Plaintiff a Rule 4 packet so that he may make service on Defendants.  Defendants are reminded of their duty

to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

Plaintiff is advised, however, that the termination of his probation is not a remedy available in a 42 U.S.C. § 1983 action. Preiser v. Rodriquez, 411 U.S. 475 (1973). If this is the relief he ultimately seeks, Plaintiff must attempt to invalidate his conviction in a habeas action. It is thus **RECOMMENDED** that this claim for injunctive relief be **DISMISSED**.

It is also **RECOMMENDED** that the Warner Robins Police Department be **DISMISSED** as a party to this action. As explained to Plaintiff in a prior Order, city police departments in Georgia are not entities that may be sued under §1983. See Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992). Even if Plaintiff's claim was construed to be against the City of Warner Robins, a local government may be sued only for constitutional violations caused by "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. Department of Social Svcs, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Plaintiff's Complaint and Supplement fail allege that a constitutional violation resulted from a policy, regulation, or decision officially adopted and promulgated by either the City of Warner Robins or its police department.

Plaintiff may serve and file written objections to the undersigned's recommendations with the district judge to whom this case is assigned within fourteen days after being served a copy of this Order. 28 U.S.C. § 636(b)(1).

**DUTY TO ADVISE OF ADDRESS CHANGE**

During the pendency of this action, all parties shall at all times keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is advised that she must diligently prosecute her Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff. Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. Plaintiff's deposition may be taken

at any time during the time period hereinafter set out, provided that prior arrangements are made with her custodian.  Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of her lawsuit under Rule 37 of the Federal Rules of Civil Procedure.

**IT IS HEREBY ORDERED** that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court.  This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first).  The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party.  The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.  No party is required to respond to any request which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the Court in the absence of a separate motion therefor accompanied by a memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no

later than thirty (30) days after the close of discovery unless otherwise directed by the Court.

**SO ORDERED**, this 4th day of September, 2013.

s/ Charles H. Weigle<br>
Charles H. Weigle<br>
United States Magistrate Judge